Alpert v. Starwood Hotels and Resorts Worldwide, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

PETER ALPERT, REBECCAH DRILL,

                 *Plaintiffs-Appellants*,

            v.                                          19-1917-cv

STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.,
SHERATON OVERSEAS MANAGEMENT CORPORATION,

                 *Defendants-Appellees.*

_____

Appearing for Plaintiffs-Appellants:        Lewis Chimes, Stamford, CT.

Appearing for Defendants-Appellees:        Eric W.F. Niederer (Erik K. Tomberg, *on the brief*), Wilson Elser Moskowitz Edelman & Dicker LLP, Stamford, CT.


Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Alpert and Drill appeal from the October 31, 2018 final judgment entered in the United States District Court for the District of Connecticut (Underhill, *J.*) granting summary judgment to defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs initially sued defendants for negligence and loss of consortium stemming from injuries incurred by Alpert while he was on vacation at the Sheraton Hacienda del Mar Resort in Cabo St. Lucas, Mexico. While wading in the ocean outside the resort, Alpert was hit by a sudden and powerful wave. Plaintiffs argue on appeal that the district court erred in its choice-of-law analysis and in the manner in which it applied Mexican law to the facts of this case.

We agree with the district court that a federal court applies the choice-of-law rules of the state in which it sits, and that therefore Connecticut law applies. *See Booking v. Gen. Star Mgmt.*, 254 F.3d 414, 419 (2d Cir. 2001). Connecticut courts adhere to the "most significant relationship test" to determine which jurisdiction's law is applicable, based on the factors outlined in sections 145 and 6 of the Restatement (Second) of Conflict of Laws ("Restatement"). *W. Dermatology Consultants, P.C. v. VitalWorks, Inc.*, 322 Conn. 541, 558 (2016). We review the district court's determination de novo. *See Caruolo v. John Crane, Inc.*, 226 F.3d 46, 57 (2d Cir. 2000).

Section 145 of the Restatement states that the "most significant relationship" test is to be applied using the principles provided in section 6, and enumerates the following "[c]ontacts to be taken into account" when applying those principles:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145(2)(a)-(d) (Am. Law Inst. 1971).

Section 6 provides the following factors for courts to consider:

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

*Id.* at § 6(2)(a)-(g).

The district court first considered the factors in section 145 and properly found that the location of the injury, the location of the alleged negligent conduct causing the injury, and the locus of the relationship between the parties was Mexico, and therefore, these factors favored applying Mexican law. With respect to the factors listed in section 6, the district court considered the relevant policy issues at stake and determined that the balance of factors favored applying Mexican law. The needs of the interstate and international system; Mexico's sovereignty and its significant interest in applying its own tort law to participants in its tourism industry; and the justified expectations of international travelers to Mexico all led the court to correctly decide that Mexican law was the appropriate body of law to apply. Accordingly, we find no error in the district court's analysis.

Plaintiffs-Appellants also challenge the district court's application of Mexican law, insofar as it concluded that plaintiffs' negligence claim must fail under the more stringent causation standard used in Mexican tort law. We disagree and conclude that the district court properly applied Mexican law.

Federal Rule of Civil Procedure 44.1 provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." The parties do not dispute that the relevant provision is Article 2016 of the Civil Code of Baja California Sur, which requires losses and damages be a direct and immediate consequence of the illicit act or the act contrary to good practices or customs. Using this standard, the district court reasonably concluded, using appropriate sources at its disposal— including a law review article previously cited by our Court and other case law discussing the causation standard at issue—that the strength and sudden formation of an individual wave was per se fortuitous under Mexican law, foreclosing plaintiffs' negligence claim.

We have considered the remainder of Plaintiffs-Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3